# Exhibit A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 22, 2024
Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **STRUDEL HOLDINGS LLC and** | § | **Case No. 23-90757 (CML)** |
| **AVR AH LLC,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |
| **AVR AH LLC; STRUDEL HOLDINGS** | § | |
| **LLC; CHARIF SOUKI; and KARIM** | § | **Adv. Pro. No. 23-09003** |
| **SOUKI, CHRISTOPHER SOUKI, and LINA** | § | |
| **RIZZUTO, as Trustees of the SOUKI** | § | |
| **FAMILY 2016 TRUST,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NINETEEN77 CAPITAL SOLUTIONS A** | § | |
| **LP; BERMUDEZ MUTUARI, LTD;** | § | |
| **WILMINGTON TRUST NATIONAL** | § | |
| **ASSOCIATION, and UBS O'CONNOR** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**AGREED ORDER (I) APPOINTING THE HONORABLE JUDGE MARVIN ISGUR AS MEDIATOR, (II) REQUIRING PARTIES TO MAINTAIN CONFIDENTIALITY OF MEDIATION COMMUNICATIONS, AND (III) GRANTING RELATED RELIEF**

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

1

It is hereby **ORDERED** that:

1.      The Honorable Judge Marvin Isgur (the "Mediator") is appointed as mediator for purposes of mediating the potential resolution of these chapter 11 cases, including, without limitation, any avoidance actions against the Plaintiffs and their affiliates, and payment of the amount due to the Secured Parties[2] as determined by the Court's Memorandum Decision and Order entered on April 1, 2024 (the "Adversary Decision") in Adversary Proceeding No. 23-9003 (the "Adversary Proceeding").  All formal and informal discussions and exchanges and mediation sessions covered by this order (this "Mediation Order") are referred to collectively herein as the "Mediation."  The Plaintiffs, the Secured Parties and Ajax Holdings, LLC ("Ajax Holdings") (each a "Party" and collectively, the "Parties") shall each participate in the Mediation.

2.      Parties participating in any formal session of the Mediation shall attend in person, unless otherwise agreed to by the Mediator, and at least one attending principal or representative of a Party shall have settlement authority.[3]

3.      The Court adopts Section S of the *Procedures for Complex Cases in the Southern District of Texas* (Effective October 18, 2023) except to the extent that any provision thereof differs from or is contrary to an express provision of this Mediation Order, in which case this Mediation Order shall control.

---

[2]      The term "Secured Parties" includes all defendants identified in the above-captioned Adversary Proceeding No. 23-9003.

[3]      To the extent that each Party agrees that including any general unsecured creditor or holder of an administrative expense claim in all or a portion of the Mediation is reasonably necessary to resolve the issues subject to the Mediation, then the Debtors may, with the prior consent of each Party, invite such creditor or claimholder to participate in such portion of the Mediation, either remotely or in person, as determined by agreement of the Parties or the Mediator. Each Party may withhold its consent in its sole and absolute discretion. This Mediation Order does not confer any right to any creditor or claimholder to participate in the Mediation, provided, however, if any creditor or claimholder participates in the Mediation, it shall be bound by the terms of this Mediation Order. No claimholder or creditor shall be required to participate in the Mediation absent further order of this Court.

4. The scope, location, time, and procedures for the Mediation will be determined by the Mediator following such consultations with the Parties as he deems appropriate.

5. The Mediation shall occur on or before June 4, 2024 (the "Mediation Outside Date"), unless otherwise ordered by this Court, a later Mediation Outside Date is expressly agreed to in writing by all Parties, or a Party exercises their option to terminate the Mediation Period (as defined below).

6. Beginning upon entry of this Mediation Order and continuing until the first to occur of the Mediation Outside Date and the Termination Date (as defined below) (the "Mediation Period"):

   a. The Parties shall use their best efforts to share information reasonably requested by the Mediator to facilitate a final resolution of the matters that are the subject of the Mediation;

   b. The Parties shall use their best efforts to promptly deliver information reasonably requested by any other Party to facilitate a final resolution of the matters that are subject of the Mediation.

   c. The Parties agree that:

      i. no Party shall take any of the following actions during the Mediation Period without the prior written consent of each other Party: (i) file a plan of reorganization or liquidation; (ii) file a motion to convert or dismiss either chapter 11 case; (iii) file a motion to pay any administrative expense; (iv) file a motion to lift the automatic stay; (v) file a motion to appoint a chapter 11 trustee; (vi) file a motion for debtor-in-possession financing, (vii) file a motion to sell any asset under section 363 of the Bankruptcy Code,

3

(viii) seek relief to apply funds held in escrow by the Debtors' professional, (ix) prosecute an appeal of the Adversary Decision, <u>provided</u> <u>that</u> any Party may take any action it deems necessary to (x) preserve appellate rights related to the Adversary Decision, (y) cause the Bankruptcy Court to enter a judgment on account of the Adversary Decision and (z) seek discovery or compel production to the extent any other Party fails to comply with paragraph 6(b); <u>provided</u> <u>further</u> <u>that</u>, prior to seeking any relief from the Bankruptcy Court regarding any requested discovery, the Party requesting such discovery shall first submit any discovery dispute to the Mediator for resolution. To the extent the Termination Date occurs during a pending discovery dispute under consideration by the Mediator, the discovery dispute shall be deemed moot without prejudice for parties to subsequently seek discovery under applicable law. All rights and defenses to discovery requests under applicable law of any Party are expressly reserved and nothing in this Mediation Order expands, modifies or alters any Party's rights to seek discovery under applicable law or any defenses available to a Party under applicable law;

ii. none of the Debtors, Charif Souki, Ajax Holdings or Karim Souki, Christopher Souki and Lina Rizzuto as trustees (collectively, the "<u>Trustees</u>") for the Souki Family 2016 Trust (the "<u>Trust</u>") shall sell, assign, or transfer any of their respective currently owned or after acquired assets or property (including, without limitation, any severance or other payments or distributions received by Plaintiff Charif Souki from Tellurian)

or encumber any property or assets, directly or indirectly, owned or controlled by the Plaintiffs or Ajax Holdings, except in the ordinary course of their respective businesses and so long as no assets or property are sold, transferred or assigned outside of the United States, excepting reasonable travel expenditures of Charif Souki and reasonable purchases of goods and services for personal consumption from third-parties, in arm's length transactions; and

iii. during the Mediation Period, to the extent they have not already expired, any deadlines with respect to the appeal by any Party of any part of the Adversary Decision, any statute of limitation, statute of repose, or other time-related defense or bar, whether statutory, contractual, or otherwise, under federal or state law, at law, in equity, or otherwise, including but not limited to the doctrines of laches, waiver, acquiescence, or estoppel, which are or may be applicable to any appeal or any potential claims between or among any of the Parties, is hereby temporarily abated and tolled and shall not be deemed to run for the duration of the Mediation Period, and the Mediation Period shall be excluded from determining the applicability of or the consideration of any time-related defense or bar applicable to or affecting any appeal or potential claims. This Mediation Order does not restart or otherwise alter the date that any obligation with respect to any appeal or potential claim accrued and does not revive or extend any obligation with respect to any appeal or any potential claim which was time-barred as of the date of this Mediation Order. This Mediation Order is not,

5

and shall not operate or be construed as, an admission or indication of the applicability, running, expiration, or non-expiration of any statute of limitations, statute of repose, or other time-related defense or bar, prior to the date of this Mediation Order.

    iv.   To the extent a judgment related to the Adversary Decision is entered prior to the Termination Date, whether such judgment is consensual or not, the Parties agree that any attempts to collect on such judgment shall be stayed until the Termination Date. The Parties further agree that, if a judgment is entered prior to the Termination Date, all deadlines related to appeal of such judgment shall be abated and tolled as set forth in paragraph 6(c)(iii) and the Parties shall jointly take any actions necessary before the Bankruptcy Court or district court to continue or abate such deadlines.

7.      The Mediation may be terminated by either of the following: (i) written notice of termination delivered by the Secured Parties via email to Plaintiffs and Ajax Holdings; or (ii) written notice of termination delivered by any of the Plaintiffs or Ajax Holdings via email to the Secured Parties. The date that written notice of termination is sent via email pursuant to this paragraph shall be the "Termination Date."

8.      The results of the Mediation are non-binding upon any of the Parties, except solely to the extent that a Party expressly agrees in writing to be bound.

9.      In consideration for the Secured Parties agreeing to the entry of this Mediation Order, any rights of the Plaintiffs or Ajax Holdings to directly or indirectly object to any motion by the Secured Parties to shorten notice with respect to any motion to lift the automatic stay, appoint a chapter 11 trustee, dismiss the Debtors' cases or convert the Debtors' cases to a case

under chapter 7 of the Bankruptcy Code, or any motion by the Secured Parties or the Debtors to approve a plan or disclosure statement, are hereby waived, provided that the Secured Parties do not seek to shorten such notice to less than five (5) business days.  For the avoidance of doubt, the waiver provided in this paragraph 9 shall not apply to any other party-in-interest and all rights to contest the merits of any substantive relief sought by the Secured Parties of all parties, including the Plaintiffs or Ajax Holdings, are expressly reserved and preserved.

10.     The Mediator shall be authorized to report to the Court on whether a settlement is reached and/or whether the Parties participated in the Mediation in good faith, but such reporting shall not disclose any information deemed confidential and shall only inform the Court and the Parties about the general status and schedule of the Mediation.

11.     All Parties are directed to keep all communications, information, and evidence related to the Mediation ("Mediation Communications") strictly confidential.  For the avoidance of doubt, all Mediation Communications shall be subject to Section S of the *Procedures for Complex Cases in the Southern District of Texas* (Effective October 18, 2023) and shall not be used for any purpose other than the Mediation, the Adversary Proceeding, the Adversary Decision or any judgement related to the Adversary Decision, including, without limitation, enforcement of any such judgement, provided that any Mediation Communication produced at the Mediator's request solely to the Mediator by any Party pursuant to paragraph 6(a) of this Mediation Order, which such providing Party designates as confidential, shall not be used for any purpose other than the Mediation and shall not be subject to discovery under this Order during the Mediation Period, provided, further, (x) that nothing contained herein shall restrict any Party from seeking to compel discovery of any such Mediation Communication after the Termination Date and (y) all rights and defenses to such discovery requests under applicable law of any Party are expressly reserved and

7

nothing in this proviso expands, modifies or alters any Party's rights to seek discovery under applicable law or any defenses available to a Party under applicable law. Except as provided in the foregoing sentence, the Mediator and all Parties are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the Parties in the course of the Mediation. Any Party who improperly discloses Mediation Communications exchanged confidentially during the Mediation may be subject to sanctions. For the avoidance of doubt, this paragraph does not prohibit use of any discovery materials or depositions from parties other than the Mediator which are or were obtained or conducted during the Adversary Proceeding.

12. Any Party may engage in *ex parte* communications with any other Party and with the Mediator and shall not be obligated to disclose the substance of any such communications to any other Party or the Mediator.

13. A Party's agreement to participate in the Mediation, provide information to the other Parties or the Mediator, or restrict any actions they might take during the Mediation Period shall be not deemed an admission of any claim or liability on the part of such Party or a waiver of any rights or defenses held by such Party, all of which are expressly reserved. No Party may use any other Party's agreement to participate in the Mediation, provide information to the other Parties or the Mediator, or restrict any actions they might take during the Mediation Period as evidence (including, but not limited to, as an admission) of any claim or liability of such Party in any proceeding currently pending or hereafter commenced.

14. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Mediation Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Mediation Order.

16.     Judge Marvin Isgur is appointed as a mediator in this case. At all times in the performance of his mediation duties, Judge Isgur will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

Dated: Houston, Texas

Signed:  April 22, 2024

_____

Christopher Lopez
United States Bankruptcy Judge